**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN JUAN DE LA CRUZ MARTINEZ, | ) | |
| | ) | No. 23-cv-1408 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | |
| JUDGE RICHARD E. McCORMICK, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

Before the Court is a Motion to Dismiss (ECF No. 7) filed by Defendant Judge Richard E. McCormick, Jr.  Judge McCormick moves to dismiss the Complaint (ECF No. 6) filed by Plaintiff in the above-captioned matter.  This case represents one of thirteen cases filed by Plaintiff that are currently pending before the undersigned.  Several of those cases, including this one, arise out of or involve Plaintiff's attempts to protest against "bullying" on or near Derry Area School District (the "District") property on November 7, 2019, and a subsequent criminal case that resulted from Plaintiff's conduct on that date.  Other of those cases, including this one, involve a separate criminal case against Plaintiff before Judge Timothy Creany.

Plaintiff attempts to bring claims against Judge McCormick pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 241, as well as various other assertions of violations of state civil and criminal statutes.  Plaintiff is proceeding in forma pauperis pursuant to an Order (ECF No. 5) entered by

1

the undersigned on August 23, 2023.  The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.  Plaintiff's Complaint fails to state a claim and is, in nearly all regards, patently frivolous, and the Court further finds that amendment would be futile.  Accordingly, this matter will be dismissed with prejudice pursuant to 28 U.S.C. §1915(e).

## I.      Background

Plaintiff's Complaint was filed on August 23, 2023.  Judge McCormick filed his Motion to Dismiss, along with a Brief in Support (ECF No. 8), on September 11, 2023.  Plaintiff did not file a response to the Motion to Dismiss.  Plaintiff was provided with ample opportunity to respond to Judge McCormick's Motion to Dismiss, and, to date, has still not filed a response.  Accordingly, the Court will consider the merits of Judge McCormick's Motion to Dismiss without the benefit of a response.  *See Miller v. Goggin*, No. CV 22-3329-KSM, 2023 WL 3259468, at *3 (E.D. Pa. May 4, 2023) (explaining that, in the Third Circuit, "it is preferred that a district court undertake a merits analysis of the complaint, even if a plaintiff has failed to respond to a motion to dismiss.").

While the Court is required to liberally construe Plaintiff's pleadings, the Court notes, as it has in all of Plaintiff's cases, that Plaintiff's manner of pleading results in a complaint that is, respectfully, difficult to follow at times, if not unintelligible.  That said, the Court outlines the relevant allegations in the forty-seven-page Complaint as follows:

As noted in the Court's other opinions addressing Plaintiff's allegations respecting his criminal prosecutions, Plaintiff alleges, in conclusory fashion and without any substantive factual support, the existence of a conspiracy between local and state police, the District and District employees, at least one assistant district attorney, and at least one judge within the judicial system to deprive Plaintiff of his rights under the United States Constitution.  Plaintiff has alleged elsewhere that certain Pennsylvania State Police ("PSP"), Derry Police Department, and District

2

employees were audio and video recorded by PSP during the course of a conversation wherein a member of the District's education/school board allegedly "conspired" with police.  Plaintiff alleges that a formerly unnamed judge was also present for this recording, and now alleges that Judge McCormick was that judge.[1]

Plaintiff alleges that Judge McCormick began conspiring with an assistant district attorney during Plaintiff's sentencing on his convictions for disorderly conduct related to his November 7, 2019 protest when Judge McCormick ignored evidence and upheld the purportedly false convictions.  ECF No. 6 "Statement of Case" at ¶ 3.  Plaintiff subsequently submitted a Section 1925(b) concise statement of matters complained of on appeal, and Judge McCormick issued a 1925(a) opinion thereafter.  *Id.* at ¶¶ 4-5.  What follows in Plaintiff's Complaint is a section titled "No. 5559 C 2019 / No.231 C 2020," which consists of thirty-one mostly unintelligible paragraphs taking issue with Judge McCormick's 1925(a) opinion.  Plaintiff's "Statement of Facts" section also consists mostly of rambling and repetitive assertions of error in Judge McCormick's 1925(a) opinion.  For the most part, Plaintiff criticizes the 1925(a) opinion's description of the facts at issue.  Plaintiff argues that the evidence introduced at trial is not accurately reflected by said description, and he repeatedly asserts that the evidence introduced at trial was not sufficient to support his convictions.  He also generally argues that many witnesses testified falsely at trial. Plaintiff asserts that transcripts from his trial have been rewritten so as to inaccurately reflect the testimony introduced at trial, and further accuses Judge McCormick of "making stuff up."  He takes issue with Judge McCormick's application of the law to the facts in the 1925(a) opinion, and

---

[1] Plaintiff has also alleged that the judge in the recording was Judge Lisa Pupo Lenihan and/or Judge Timothy Creany. *See* Docket No. 2:23-cv-1405 ECF No. 6 "Statement of Case" at ¶¶ 1-2; Docket No. 2:23-cv-1407 ECF No. 6 "Statement of Case" at ¶ 1.

with Judge McCormick's determination that there was no error in the instructions given to the jury in Plaintiff's criminal trial.

## II.     Legal Standard

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons[2] who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

"[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007)).[3]   The United States District Court for the Middle District of Pennsylvania has aptly explained and summarized:

---

[2] Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not. *Leatherman v. Obama*, C.A. No. 12-1486, 2012 WL 5398912 (W.D. Pa. 2012) (Fisher, J.), *adopting R&R* 2012 WL 5398856 (W.D. Pa. October 22, 2012); *Harrison v. Shapiro*, No, 97–2133, 1997 WL 197950, at * 1 (E.D. Pa.1997); *Jones v. North Atlantic Treaty Organization*, No. 98–1185, 1998 WL 136511, at *1 n. 1 (E.D. Pa.1998); *McAllen v. Attic Away From Home*, No. 00–941, 2000 WL 1752618, at *2 n. 7 (D. Del. 2000). Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that Congress meant the statute to read "person." The Court finds this reasoning to be persuasive. *See also, Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C. Cir.1998); *Mitchell v. Farcass,* 112 F.3d 1483, 1484 (11th Cir.1997); *Powell v. Hoover*, 956 F.Supp. 564, 568 (M.D. Pa.1997).

[3] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

> The term "frivolous," as used in § 1915(e)(2), includes not only inarguable legal conclusions, but also fanciful factual allegations.  [*Neitzke*, 490 U.S. at 325].  As such, courts are afforded authority to dismiss those claims whose factual contentions are clearly baseless.  *Id.*; *Denton v. Hernandez*, 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).  Within the Third Circuit, courts have found that allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous.  *See Barnes v. Mercer County Court House*, 2007 WL 16525335, *6 (D.N.J.) (dismissing claim that food served to inmates at correctional facility was hazardous to human health); *Armstead v. Briggs*, 2004 WL 339647 (D.Del.) (dismissing claim requesting that the court set up an appointment for the plaintiff with President George W. Bush so that she could tell him that she had filed a lawsuit seeking his permanent appointment as the President of the United States); *Noble v. Becker*, 2004 WL 96744 (D.Del.) (claims that government officials and others had engaged in a vast conspiracy to violate his constitutional rights were delusional); *Williams v. Werster*, 1994 WL 313111 (E.D.Pa.) (plaintiff's claim that he had uncovered evidence of a conspiracy by the former mayor to commit sabotage and espionage in order to establish ecclesiastical law and in some way interfere with U.S. commerce were fanciful, fantastic, or delusional); *Robinson v. Love*, 155 F.R.D. 535 (E.D.Pa.1994) (where plaintiff alleged that he was subjected to witchcraft and attempts to poison him with cyanide, the allegations were fanciful, fantastic or delusional).

*Pavalone v. Bush*, No. CIV.A. 3:11-1620, 2012 WL 1569614, at *1 (M.D. Pa. Mar. 27, 2012), *report and recommendation adopted*, No. 3:11-CV-1620, 2012 WL 1569791 (M.D. Pa. May 3, 2012).

In determining whether a complaint fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).  A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The United States Court of Appeals for the Third Circuit has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

"If a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed" in a civil rights case, a court must permit amendment unless it would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This is also true where a plaintiff does not request leave to amend. *See Grayson*, 293 F.3d at 108 ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to

dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

The Court again notes that Plaintiff is proceeding pro se and, as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

## III.    Discussion

Initially, the Court notes that Plaintiff's Complaint consists nearly entirely of a lengthy, incoherent, and nearly impossible to follow attack on a 1925(a) opinion written by a state court judge. Obviously, Plaintiff's recourse for such issues is with the Superior Court of Pennsylvania on direct appeal, and not before this Court on a Section 1983 claim.

With respect to Plaintiff's allegation that Judge McCormick was present during his protest and that he conspired with others on that day to have Plaintiff arrested, the Court finds that Plaintiff's Complaint is frivolous. In support of Plaintiff's conclusory allegation, he offers no factual support whatsoever. Adding to the frivolousness of Plaintiff's pleading, it must be noted

7

that, in other civil actions before this Court that were filed the same day as this action, Plaintiff has alleged that Judge Lenihan and/or Judge Creany was the judge present in the audio and video recording.  *See* Docket No. 2:23-cv-1405 ECF No. 6 "Statement of Case" at ¶¶ 1-2; Docket No. 2:23-cv-1407 ECF No. 6 "Statement of Case" at ¶ 1.  Apparently unsatisfied with Judge McCormick's 1925(a) opinion, Plaintiff has asserted a claim that Judge McCormick was present during Plaintiff's protest in 2019, years before Judge McCormick issued the 1925(a) opinion.  The Court finds this conclusory assertion, which, again, is entirely unsupported by any allegations of fact, to be the type of fanciful, fantastic, or delusional assertion that renders a complaint frivolous. Any such allegation is hereby dismissed as frivolous with prejudice.

The Court further agrees with Judge McCormick respecting the applicability of the *Younger* abstention doctrine and/or the *Rooker/Feldman* doctrine.  "[O]ngoing state criminal prosecutions fall within the confines of *Younger* abstention and should be resolved in the jurisdiction in which they emanated—the state courts." *Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 62 (D.N.J. 2021), *aff'd sub nom. Clark v. Governor of New Jersey*, 53 F.4th 769 (3d Cir. 2022).  For *Younger* abstention to apply, the underlying matter must be (1) "judicial in nature"; (2) "implicate important state interests"; and (3) "afford an adequate opportunity to raise federal claims." *Id.* (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).  "[I]n any case where there are ongoing state judicial proceedings, those proceedings implicate important state interests, including the state's interest in holding accused defendants to account for their alleged criminal deeds, and the state proceedings provide an adequate opportunity to raise federal claims, *Younger* prevents this Court from hearing claims which would require interference into those proceedings." *Alexander v. New Jersey*, No. CV 20-14809 (CCC), 2021 WL 100226, at *2 (D.N.J. Jan. 8, 2021).  Under the *Rooker/Feldman* abstention doctrine, "a party losing in state court is

barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

The case before Judge McCormick, and now before the Superior Court of Pennsylvania, is clearly judicial in nature, and it implicates the state's interest in holding accused defendants accountable for crimes. Each of Plaintiff's claims at issue in this case can be presented to, and considered by, the state courts, including both trial and appellate courts. *See McKnight v. Bishop*, No. 3:CV-14-603, 2014 WL 1338076, at *2 (M.D. Pa. Apr. 3, 2014) ("[P]ending petition does not set forth any facts which could suggest that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding, or thereafter (if necessary) raise those claims before the Pennsylvania state appellate courts."). Plaintiff's assertions of error on Judge McCormick's part during Plaintiff's criminal case are "inextricably intertwined" with the criminal cases that Plaintiff has appealed to the Superior Court because relief can be granted only if the Court concludes that Judge McCormick ruled incorrectly. Plaintiff's requested relief asks this Court to interfere with ongoing state court matters or otherwise asks the Court to conduct appellate review of the judgment in Plaintiff's criminal case. No exception applies, and the Court must abstain from hearing Plaintiff's claims under *Younger* and *Rooker/Feldman*.[4]

Judge McCormick is also entitled to judicial immunity with respect to Plaintiff's claims. "A judge is immune from liability for all actions taken in his judicial capacity, unless such action is taken in the absence of all jurisdiction." S*alley v. Sec'y Pennsylvania Dep't of Corr.*, 565 F. App'x 77, 81 (3d Cir. 2014). The United States District Court for the District of New Jersey has explained:

---

[4] Plaintiff's claims are also barred by *Heck v. Humphrey* because he has not alleged that his conviction was reversed, invalidated, or nullified.

> "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir.2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

*Bradley v. Connor*, No. CIV. 13-4099 JBS, 2014 WL 1404581, at *2 (D.N.J. Apr. 10, 2014); *see also Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) ("In 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" (quoting 42 U.S.C. § 1983)). The Supreme Court of Pennsylvania has explained:

> Judicial immunity rests upon a recognition of the necessity of preserving an independent judiciary, and reflects a belief that judges should not be hampered by fear of vexatious suits and personal liability. It also reflects a view that it would be unfair to expose judges to the dilemma of being required to render judgments while at the same time holding them accountable to the judgment of others. As stated in *Stump v. Sparkman,* 435 U.S. 349, 363, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331, 343 (1978) (quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872)), "the doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *See also Binder v. Triangle Publications, Inc.,* 442 Pa. 319, 323-24, 275 A.2d 53, 56 (1971) ("The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of consequences.

*Matter of XYP*, 567 A.2d 1036, 1039 (Pa. 1989).

In issuing rulings, opinions, and orders in Plaintiff's criminal case, Judge McCormick was clearly acting in his judicial capacity as the judge assigned to Plaintiff's criminal case. Judge McCormick, as a judge for the Westmoreland County Court of Common Pleas, had unlimited original jurisdiction over Plaintiff's criminal case. 42 Pa.C.S.A § 931. While Plaintiff may

disagree with Judge McCormick's rulings, his recourse is not a Section 1983 claim, but rather a direct appeal before the Superior Court of Pennsylvania. Judge McCormick is immune from suit related to allegations set forth in Plaintiff's Complaint, and the Motion to Dismiss will be granted on that basis

To the extent Plaintiff attempts to assert a claim pursuant to the federal criminal code, there is no private right of action under Section 241 or 242. *See Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951. These statutes do not provide a private right of action under which Plaintiff may sue." (citation omitted)). Further, Plaintiff's claims under 18 Pa.C.S.A. § 2709 (Harassment); 18 Pa.C.S.A. § 4953 (Retaliation against witness, victim or party); and 18 Pa.C.S.A. § 4304 (Endangering the welfare of children) are based upon sections of the Pennsylvania criminal code under which no private right of action exists. *See Matthews*, 2012 WL 2192225, at *7 (finding no private right of action for harassment and explaining that "these are criminal statutes which do not create a private right of action, and 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *see also Dooley v. City of Philadelphia*, 153 F. Supp. 2d 628, 664 (E.D. Pa. 2001) (no private right of action under 18 Pa.C.S.A. § 4953); *Doe 203 v. Archdiocese of Philadelphia*, September Term, 2012 No. 1935, 2013 WL 8338870, at *8 (Pa. Com. Pl. June 13, 2013) (no private right of action under 18 Pa.C.S.A. § 4304). Any claim for discrimination would be required to be brought pursuant to Section 1983, and not 16 Pa. Code §49.101, which requires that any contract entered into by the Commonwealth of Pennsylvania contain a nondiscrimination clause. Finally, 204 Pa. Code Rule 8.4 is a section of the Rules of Professional Conduct for Pennsylvania

attorneys.  Plaintiff has not stated a claim under any of these various theories asserted in his Amended Complaint.

Amendment as to any of Plaintiff's claims would be futile for the reasons stated herein. Plaintiff failed to file a response to the Motion to Dismiss, which, in this Court's estimation, supports a finding that permitting amendment would be futile.  It also bears noting that Plaintiff has filed thirteen cases in this District, and has failed to state a claim in any of his actions.  In certain of those actions, he was permitted to file amended complaints, and still failed to set forth allegations to support a single cause of action.  The same further suggests to this Court that permitting amendment would be futile, and Plaintiff's Complaint in this matter will thus be dismissed with prejudice.

## IV.    Conclusion

As discussed above, the Court will grant Judge McCormick's Motion to Dismiss. Plaintiff's Complaint will be dismissed with prejudice.  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: February 5, 2024

cc:    All counsel of record

Justin Juan De La Cruz Martinez
502 N 12th Ave
Albany, IL 61230